Dear Mr. Patterson:
This is in response to your request for an opinion on the following question:
 "Is the payment of a $45.00 appraisal fee a bona fide expense under the section 408.052
(1) where the appraiser is also a member of the board of directors of the lending institution which requires the appraisal or is this fee usurious?"
In your opinion request you further point out:
 "Joachim Federal Savings Loan, a lender as defined in section 408.015 (4) R.S.MO. has seven directors on its Board of Directors. These directors all receive directors fees. Three of these directors do appraisal work for the company, but none of the three are employees or are they on the payroll.
 "The appraisers are paid $15.00 each by the persons applying for a loan. Joachim Federal Savings Loan receives the $45.00 and pays it over to each of the parties. Joachim Federal Savings Loan charges a 1% loan service fee of each person who takes out a deed of trust through them.
 "Appraisals are required for each loan. Independent appraisers charge an average of $75.00 to $80.00. For $45.00, the three directors do the same work. No charge at all is made if the loan is not granted."
With respect to residential real estate loans, Section 408.052.1, RSMo Supp. 1975, provides in part:
 "No lender shall charge, require or receive, on any residential real estate loan, any points or other fees of any nature whatsoever, excepting a one percent origination fee, whether from the buyer or the seller or any other person, except that the lender may charge bona fide expenses paid by the lender to third parties for services actually performed in connection with a loan. . . ."
Our office has had occasion to render an opinion concerning whether a lender is prohibited from charging borrowers in connection with residential real estate loans for appraisals and credit investigations performed by a wholly owned subsidiary of the lender. In that opinion, Opinion Letter No. 82, June 28, 1976, to Young, we determined that wholly owned subsidiaries are not third parties as that term is used in Section 408.052.1. We recognize that there is no authoritative definition of the term "third parties" which determines the question. Therefore, we examined the meaning of the term in light of the purpose of the section and the changes the legislature intended to make by enacting that section.
We believe that there is an analogy between this situation and the situation which arose in Opinion Letter No. 82. Obviously, the lender is using its own directors for the appraisal of the property which will secure the loan. These are not disinterested third parties or independent appraisers but are actually officers of the lender. Inasmuch as they are officers of the lender, we do not believe that they were intended to fall within the definition of third parties as contemplated by the statute. Therefore, while the expense of an appraisal may be a bona fide expense, we do not believe that it can be properly charged to the buyer inasmuch as it is not an expense paid by the lender to third parties pursuant to Section 408.052.1.
It is our view that Section 408.052.1 prohibits a lender from charging borrowers in connection with appraisals for residential real estate loans by one of the directors of the lender.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Op. Ltr. No. 82 6-28-76, Young